WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Marin Alonzo,<br><br>    Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>    Defendant. | No. CV-18-08317-PCT-JZB<br><br>**ORDER** |

Plaintiff Jason Marin Alonzo seeks review under 42 U.S.C. § 405(g) of the final decision of the Commissioner of Social Security ("the Commissioner"), which denied him disability insurance benefits and supplemental security income under sections 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act. The Commissioner concedes that the decision of the Administrative Law Judge ("ALJ") contains legal error as to the medical opinion evidence and Plaintiff's symptom testimony. (Doc. 22 at 3-4.) Accordingly, the only question before the Court is whether the ALJ's decision must be remanded for further proceedings or for an award of benefits. Because the ALJ's decision contains legal error, the Court will remand for further proceedings.

**I.    Background.**

On April 11, 2017, Plaintiff applied for disability insurance benefits, alleging disability beginning on April 17, 2011. (AR 13.) On March 20, 2018, Plaintiff amended his alleged onset date to January 1, 2015. (AR 13.) On April 17, 2018, he appeared with his attorney and testified at a video hearing before the ALJ. (AR 13.) A vocational expert

also testified telephonically. (AR 13.) On May 30, 2018, the ALJ issued a decision holding that Plaintiff was not disabled within the meaning of the Social Security Act. (AR 25.) The Appeals Council denied Plaintiff's request for review of the hearing decision, making the ALJ's decision the Commissioner's final decision. (AR 1.)

**II. Legal Standard.**

The district court reviews only those issues raised by the party challenging the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, less than a preponderance, and relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* In determining whether substantial evidence supports a decision, the court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* As a general rule, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

Harmless error principles apply in the Social Security Act context. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless if there remains substantial evidence supporting the ALJ's decision and the error does not affect the ultimate non-disability determination. *Id.* The claimant usually bears the burden of showing that an error is harmful. *Id.* at 1111.

The ALJ is responsible for resolving conflicts in medical testimony, determining credibility, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). In reviewing the ALJ's reasoning, the court is "not deprived of [its] faculties for drawing specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989).

**III. The ALJ's Five-Step Evaluation Process.**

To determine whether a claimant is disabled for purposes of the Social Security Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but at step five, the burden shifts to the Commissioner. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

At the first step, the ALJ determines whether the claimant is engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Pt. 404. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. At step four, the ALJ assesses the claimant's residual functional capacity ("RFC") and determines whether the claimant is still capable of performing past relevant work. § 404.1520(a)(4)(iv). If so, the claimant is not disabled and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work based on the claimant's RFC, age, education, and work experience. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

At step one, the ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2018, and that he has not engaged in substantial gainful activity since January 1, 2015 (the amended alleged onset date). (AR 3.) At step two, the ALJ found that Plaintiff has the following severe impairments: "posttraumatic stress disorder; unspecified depressive disorder; depression; status-post shoulder injuries, but more severe on the left; and status-post Achilles tendon injury." (AR 3.) At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Pt. 404. (AR 17.) At step four, the ALJ found that

Plaintiff has the RFC to perform:

> Medium work as defined in 20 CFR 404.1567(c) except he can tolerate occasional interaction with the public, coworkers, and supervisors. He can perform simple, routine, and repetitive work. He can tolerate only occasional changes in work processes or settings. He can occasionally use stairs, ramps, ladders, ropes, and scaffolds. He can frequently balance, stoop, and crouch. He can occasionally lift and/or carry above shoulder level with the left upper extremity.

(AR 18.) The ALJ further found that Plaintiff is unable to perform any past relevant work, and thus Plaintiff "has not been under a disability, as defined in the Social Security Act, from January 1, 2015, through the date of the decision." (*Id.* at 23-24.)

**IV. Analysis.**

Plaintiff argues the ALJ's decision is defective for two reasons: (1) the ALJ erred in giving "partial weight" to Dr. Ruzich's assessment; and (2) the ALJ erred in rejecting Plaintiff's symptom testimony. (Doc. 24 at 3.) The Commissioner concedes that the ALJ erred by misapplying the regulations to this case and by failing to make specific findings about the claimant's symptom allegations. (Doc. 22 at 1-3.) Specifically, the Commissioner concedes (1) the ALJ failed to apply the regulations that took affect on March 27, 2017, about fifteen days before the claimant filed his application, and (2) the ALJ's evaluation of Plaintiff's symptom testimony lacks specificity (Doc. 22 at 3-4.) However, the parties disagree on the appropriate remedy. Thus, the Court must decide whether to remand for further proceedings or for an award of benefits. However, before this Court can reach the question of remand, the Court will address each of Plaintiff's arguments below.

**A. Medical Opinion Evidence.**

Plaintiff argues that the medical opinion of Dr. Ruzich was improperly rejected. The Court addresses the ALJ's treatment of Dr. Ruzich's opinion below.

**1. Applicability of new regulations under 20 C.F.R. § 404.1520c.**

Since 1991, the Ninth Circuit has distinguished between the opinions of treating physicians, examining physicians, and non-examining physicians. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). This distinction was known as the "treating physician rule." *See Edlund v. Massanari*, 253 F.3d 1152, 1158 (9th Cir. 2001), as amended on reh'g (Aug.

9, 2001). In March of 2017, The Social Security Administration amended their regulations to abrogate the treating physician rule, among other changes. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 82 Fed. Reg. 5844-01, 2017 WL 168819, at *5852-57 (Jan. 18, 2017).

The new regulations apply to claims filed on or after March 27, 2017. *Id.* These new regulations provide that the Social Security Administration "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources." 20 C.F.R. § 404.1520c; *see also Revisions to Rules Regarding the Evaluation of Medical Evidence*, *supra*, 82 Fed. Reg. 5844-01 at *5852–57.[1] Rather, the ALJ will consider all medical opinions according to several enumerated factors, including whether the opinion is supported by objective medical evidence and whether the opinion is consistent with the evidence from other sources. *Jackson v. Saul*, No. CV 18-4374, 2019 WL 4058997, at *10 (E.D. Pa. Aug. 27, 2019). Though the "most important" factors are supportability and consistency, the ALJ should also consider the length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, examining relationship, and specialization. *Id.* (citing 20 C.F.R. § 404.1520c(b)(2)). The new regulations also eliminate the term "treating source." *Douglas*

---

[1] The full text of 20 C.F.R. § 404.1520c reads:

> We will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources. When a medical source provides one or more medical opinions or prior administrative medical findings, we will consider those medical opinions or prior administrative medical findings from that medical source together using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate. The most important factors we consider when we evaluate the persuasiveness of medical opinions and prior administrative medical findings are supportability (paragraph (c)(1) of this section) and consistency (paragraph (c)(2) of this section). We will articulate how we considered the medical opinions and prior administrative medical findings in your claim according to paragraph (b) of this section.

20 C.F.R. § 404.1520c is applicable to claims filed on or after Mach 27, 2017.

*P. v. Saul*, No. CV 17-8668-PLA, 2019 WL 3338847, at *3 (C.D. Cal. July 25, 2019) (citing 81 Fed. Reg. 62560, at 62573-74 (Sept. 9, 2016)).

However, in its determination or decision, the ALJ *must* articulate how persuasive it finds all the medical opinions in the record, specifically articulating how it considered the supportability and consistency factors for a medical source's opinion. 20 C.F.R. § 404.1520c(b). In the event that the ALJ finds that two or more medical opinions are equally well-supported, consistent with the record, but not the same, the ALJ must articulate how it considered other persuasive factors. 20 C.F.R. § 404.1520c(b)(3).

"When the evidence before the ALJ is subject to more than one rational interpretation, we must defer to the ALJ's conclusion." *Batson v. Comm'r of Soc. Sec. Admin.,* 359 F.3d 1190, 1198 (9th Cir. 2004). This is so because "[t]he [ALJ] and not the reviewing court must resolve conflicts in evidence, and if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney v. Sullivan,* 981 F.2d 1016, 1019 (9th Cir. 1992) (citations omitted). However, the Court "must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Id.* (citing *Hammock v. Bowen,* 879 F.2d 498, 501 (9th Cir. 1989)). Nor may the Court "affirm the ALJ's . . . decision based on evidence that the ALJ did not discuss." *Connett v. Barnhart,* 340 F.3d 871, 874 (9th Cir. 2003).

### 2. Dr. Cynthia Ruzich, Psy.D.

In November of 2017, Dr. Cynthia Ruzich, Psy.D., conducted a psychological consultative examination of Plaintiff. (AR 22.) Dr. Ruzich found that Plaintiff "had no difficulty understanding simple instructions, no limitation carrying out simple instructions, no difficulty making judgments on simple work-related decisions, moderate difficulty understanding and remembering complex instructions, and marked difficulties making judgments on complex work-related decisions." (AR 1642.) Dr. Ruzich further found that Plaintiff had "a marked difficulty interacting appropriately with the public, supervisors, coworkers . . . [and] a marked difficulty responding appropriately to usual work situations

and changes in routine work setting." (AR 1642-43.) Specifically, Dr. Ruzich opined:

> [Plaintiff] reported that he was exposed to traumatic events during active combat while serving in the US Air Force. Subsequently, he has been experiencing feelings of anxiety and panic accompanied by . . . nightmares . . . flashbacks, persistent fear, anger, feelings of estrangement from others inability to feel happy, hypervigilance, apathy and depression . . . The [Plaintiff's] ability to understand, remember and carry out instructions is affected by the impairment. [Plaintiff] obtained a WASI-IV FSIQ of 106, GAI of 110, and his WMS-IV memory score were in the average to high average range and does not represent a cognitive impairment. [Plaintiff's] work history as an office manager also suggests an ability to understand and comprehend instructions. [Plaintiff] had no difficulty understanding interview questions . . . Due to his emotional distress, it will limit his ability to carry out detailed instructions, sustain concentration, perform activities within a schedule, work in coordination with others, sustain an ordinary routine without special supervision, and complete a normal workday at a consistent pace.

(AR 1642.)

The ALJ gave partial weight to Dr. Ruzich's opinion, discounting her opinion for two reasons: (1) Plaintiff's providers describe him as calm, cooperative, and pleasant, and consistently note that he maintains good eye contact, thus sustaining a finding of "no more than moderate limitation in social interactions," and (2) Plaintiff's symptoms are stable when he is on medication. (AR 22.) As such, the ALJ assigned Plaintiff to "occasional interaction with the public, coworkers, and supervisors." (AR 22.)

Plaintiff argues that the ALJ erred "by rejecting medical opinion evidence[] from the agency's examining psychologist." (Doc. 24 at 6.) The Defendant concedes this error, writing that "the ALJ incorrectly assigned weight to specific opinions," referring to the opinions of Paul Sinuck, PMHNP-BC and Cynthia Ruzich, Psy.D. (Doc. 22 at 3.)

The Court finds that the ALJ failed to follow the guidelines laid out in 20 C.F.R. § 404.1520c. The ALJ assigned a "partial weight" to the opinion of Dr. Ruzich, thus applying the old standards. (AR 22.) Here, the record does not address the "most important" factors of supportability and consistency. 20 C.F.R. § 404.1520c(b)(2). Additionally, the ALJ fails to also consider the length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, examining relationship, and specialization. *Id.* Accordingly, the ALJ erred in evaluating

Dr. Ruzich's opinion.

B. **Symptom Testimony.**

Plaintiff argues that the ALJ committed material harmful error by rejecting Plaintiff's symptom testimony in the absence of clear and convincing reasons supported by substantial evidence on the record. The Court addresses the ALJ's treatment of Plaintiff's symptom testimony below.

1. **Legal standard.**

In evaluating the credibility of a claimant's testimony regarding subjective pain or other symptoms, the ALJ is required to engage in a two-step analysis: (1) determine whether the claimant presented objective medical evidence of an impairment that could reasonably be expected to produce some degree of the pain or other symptoms alleged; and, if so with no evidence of malingering, (2) reject the claimant's testimony about the severity of the symptoms only by giving specific, clear, and convincing reasons for the rejection. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). "This is not an easy requirement to meet: 'The clear and convincing standard is the most demanding required in Social Security cases.'" *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (citing *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

2. **Analysis.**

Plaintiff contends that the ALJ's evaluation of his symptom testimony "failed to meet the stringent test that requires specific, clear, and convincing reasons for rejecting claimants' symptom testimony." (Doc. 14 at 22.) The Commissioner concedes this point. (Doc. 22 at 4.) ("[T]he ALJ's evaluation of the claimant's symptom allegations likewise requires remand because it lacks specificity.").

First, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms. (AR 19.) But the ALJ found Plaintiff's statements regarding the intensity, persistence, and limiting effects of the symptoms to be not entirely consistent with the medical evidence and the other evidence in the record. (AR 19.)

At the hearing, Plaintiff testified that he is "hypervigilant" and has "angry outbursts." (AR 38.) As he enters a room, he takes note of the people and exits. (AR 39.) He often fights with his wife just to leave the house. (AR 38.) However, he also testified that he does not go outside, and he does not want anyone to see him. (AR 40.) He leaves the house about once or twice a month on his own. (AR 45.) He also testified that a car accident exacerbated his symptoms. (AR 42.) He and his wife visit his father-in-law's house, but he must stay in the backyard because it is too crowded. (AR 49.) Plaintiff also testified about his job history as an office manager for a medical facility, where he experienced irritations and angry outbursts at his coworkers. (AR 49-50). He quit the office manager job in part due to encouragement from his wife, his angry outbursts, the PTSD, and his physical limitations, including his back, Achilles heel, and shoulder pain. (AR 50-54.) Plaintiff testified that he cares for his infant daughter by supervising her in her play pen, feeding her, and changing her diaper once a day. (AR 58). He also takes out the trash and cleans up dog poop. (AR 58.) However, sometimes his "back will just pop" causing him back pain. (AR 58.) He testified that his bicep "basically just hangs there" after a labrum surgery and he has yet to recover full range of motion. (AR 60.) He stopped going to the gym because of the pain. (AR 65.) Plaintiff also testified that he has concentration problems and sleep problems and he naps daily for 3-4 hours. (AR 69-70.)

The ALJ's reasons for discounting Plaintiff's symptom testimony are not plainly stated. In his analysis, the ALJ provides that:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

(AR 19.) The Court is able to infer from statements later in the ALJ's decision that the ALJ's reasons for discounting Plaintiff's symptom testimony include that (1) the symptom testimony is inconsistent with the medical evidence of record, including Plaintiff's statements to providers, and (2) the symptom testimony is inconsistent with Plaintiff's

activities of daily living. (AR 20.) Defendant concedes that the ALJ's evaluation lacks specificity and therefore requires remand. (Doc. 22 at 4.) After review, the Court agrees. The ALJ failed to provide sufficient reasons for discounting Plaintiff's symptom testimony. That failure was error.

Specifically, the ALJ provides that:

> The record indicates that the claimant has been diagnosed with posttraumatic stress disorder and depression. However, his treating providers consistently noted that he was neat, clean, well groomed, pleasant, calm, cooperative, and maintained good eye contact (7F/18, 45, 60; 9F/32, 34, 105, 142; 12F/27; 15F/7). His providers also noted that he responded appropriately to questions, was independent with activities of daily living, and presented with good insight and judgment. The record also indicates that he had average ability to acquire, retain, and retrieve general factual knowledge; average working memory, short-term memory, and auditory memory; high average visual memory; and average processing speed and ability to search a group of symbols within a specified time. Further, despite the claimant's reports of low motivation and concentration, his providers noted he was able to concentrate and participate in interviews without distraction.
>
> However, on several occasions, the claimant reported anger, frustration, irritability, depressed mood, difficulty leaving the house, difficulty being in crowds, dislike of going outside, hypervigilance, and intolerance of others. Indeed on one occasion, the claimant's wife reported that [claimant] uses grounding techniques to claim him down. However, during another visit, she reported that the claimant was doing much better since moving to Arizona. The claimant also reported that he occasionally drives, including having driven by himself two hours to his appointment, but that he prefers his wife to drive.
>
> Although there is no objective evidence of anger or irritability, at times, his providers noted that at times, he appeared anxious. However, at other times, his providers noted that his anxiety was well controlled or stable on medication. Indeed, the claimant reported that his medication was helpful with his mood. Further, in 2016, the claimant reported that he recently had more good days and that he interacted with his family more. Despite the claimant's medication helping with his symptoms, the record indicates that he was not consistent with taking it as prescribed. For example, on one occasion, he reported that he had stopped taking his Effexor so that he could have a baby. Further, in August 2017, the claimant reported that he stopped following up with treatment in 2016 and subsequently, ran out of medication. During the same visit, he reported increased symptoms, including frequent anger and frustration, trouble leaving the house and being out in public, and flashbacks; however, he also reported that the Alpha Stim helped him do basic tasks, such as getting groceries. He also reported that he had previously tried several medications and that he believed that one of them worked. This indicates that the claimant's symptoms were not as severe while on medication. Indeed, the fact that the claimant was able to shop in stores for groceries, in addition to the fact that he had no problems interacting with medical providers, indicates that the claimant has no more than moderate limitations on his ability to interact with others.

(AR 20.)

The Court finds that the ALJ's reasoning has failed to reach the specific, clear, and convincing standard for discounting Plaintiff's testimony. The ALJ does not articulate any finding comparing Plaintiff's testimony and the medical evidence, and instead relies solely her assertion that "claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." (AR 19.) Such reliance on a vague and conclusory assertion is insufficient. *See Vasquez*, 572 F.3d at 591 (9th Cir. 2009) (finding that an ALJ's "vague allegation that they were 'not consistent with the objective medical evidence'" was insufficient to support the ALJ's decision to discount Vasquez's symptom testimony). Accordingly, the Court finds that this reasoning is not clear and specific and is insufficient for discounting Plaintiff's symptom testimony.

On remand, the ALJ must provide "specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms." SSR 16-3p (applicable to all determinations or decisions on or after March 28, 2016).

**C.     Remand**

Historically, the Ninth Circuit applied the credit-as-true rule. *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). Where an ALJ fails to provide adequate reasons for rejecting the opinion of a physician, the Court must credit that opinion as true. *Id*. An action should be remanded for an immediate award of benefits when the following three factors are satisfied: (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014) (citing *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1202 (9th Cir. 2008), *Lingenfelter v.*

*Astrue*, 504 F.3d 1028, 1041 (9th Cir. 2007), *Orn v. Astrue*, 495 F.3d 625, 640 (9th Cir. 2007), *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004), and *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). The credit-as-true rule creates a "flexibility" which allows "courts to remand for further proceedings when, even though all conditions of the credit-as-true rule are satisfied, an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1020.

Plaintiff defines the issue in the case at bar as "whether it would be legal error to allow the Commissioner to conduct further administrative proceedings in light of admitted failure to comply with agency standards." (Doc. 24 at 3.) Plaintiff urges this Court that "it would be legal error to fail to apply the credit-as-true standard under the facts of this case." (*Id.*) The Court disagrees. The new regulations appear to prohibit application of the credit-as-true rule as to medical opinions. Indeed, the Social Security Administration has plainly stated that one purpose of the updated regulations is to "make it clear" that application of the "credit-as-true" rule "is never appropriate[.]" *See* Social Security Administration, *Revisions to the Rules Regarding the Evaluation of Medical Evidence*, Medical/Professional Relations, https://www.ssa.gov/disability/professionals/bluebook/revisions-rules.html (last visited Feb. 19, 2020) ("We also changed our rules due to the application of the Ninth Circuit's use of a 'credit-as-true' rule onto our treating source rule. . . Under the final rules, it is our intent to make it clear that it is never appropriate to 'credit-as-true' any medical opinion."); *see also* 82 FR 5844-0 at *5858. To date, there has been no guidance from the Ninth Circuit on this issue. Nor, it appears, has this issue been evaluated by another district court in this circuit. Accordingly, the Court relies on the plain language and intentions of the applicable regulations, and finds that application of the credit-as-true rule is inappropriate as to Dr. Ruzich's medical opinion.

With regard to Plaintiff's symptom testimony, however, the credit-as-true has not been supplanted, 82 FR 5844-0 at *5858, and Plaintiff argues that the case should be remanded for an immediate calculation of benefits on the basis of that error. (Doc. 14 at 23; Doc. 24 at 8.) The Court disagrees.

Although it is a close call, the Court finds that further development of the record must occur before an award of benefits can be calculated. And while the new regulatory standards do not apply to Plaintiff's symptom testimony, the ALJ also misapplied those regulations in her discussion of the VA rating. Accordingly, the first factor is not satisfied, and the matter must be remanded for further proceedings.

The Court also finds that the third factor is not satisfied. Plaintiff argues that further consideration under the revised regulations will have no effect on the ALJ's ultimate finding. (Doc. 24 at 6.) But the Court cannot address this argument without consideration of the elements named in 20 C.F.R. § 404.1520c(b)(2) (supportability and consistency, length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, examining relationship, and specialization). And nothing in the record establishes that Plaintiff's testimony, even if credited-as-true, would require that Plaintiff be found disabled. Accordingly, the Court finds that remand for further proceedings is appropriate in this action.

**IT IS ORDERED** that the final decision of the Commissioner of Social Security is **vacated** and this case is **remanded** for further proceedings consistent with this opinion. The Clerk shall enter judgment accordingly and **terminate** this case.

**IT IS FURTHER ORDERED** that the Commissioner's Motion to Remand (doc. 22) is **denied** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend/Correct his Reply Brief (doc. 25) is **granted**. The Court considered Plaintiff's Amended Reply Brief in resolution of this matter.

Dated this 2nd day of March, 2020.

Honorable John Z. Boyle
United States Magistrate Judge